IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD LEE HINTON, | ) | Civil Action No. 7:14-cv-00392 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NURSE O'CONNOR, et al., | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

Donald Lee Hinton, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. In attachment A to the complaint, Plaintiff names the following staff of the Pocahontas Correctional Center ("PCC") as defendants: Nurse O'Connor, Nurse Yates, Nurse Booth, Nurse Headly, Nurse Malingalin, Nurse Sheybani, Officer Anderson, Officer Calford, Officer Wad, Sgt. Profit, and Sgt. Sizemore. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.[1]

The events described in the complaint span many years and cover many mundane conversations and interactions with staff, including many non-defendants. Throughout the complaint, Plaintiff relies on labels and conclusions to complain about staff who were impolite to him or whose comments hurt his feelings or caused him anxiety. Plaintiff cannot rely on labels and conclusions to state an actionable claim, and he frequently fails to relate a defendant's act or omission to the alleged unlawful conditions he complains about. Furthermore, the Constitution

---

[1] Plaintiff filed with this court a copy of a Notice of Claim to Virginia Director of Risk Management or the Virginia Attorney General pursuant to the Virginia Tort Claims Act ("VTCA"). However, Plaintiff cannot pursue a VTCA claim in this court, and to the unlikely extent a court could contort the document into a motion to amend, such a request would be denied as duplicative of claims in a related action, 7:14-cv-00197, or futile for the reasons stated in this opinion. See, e.g., Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000); McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987).

does not protect against all intrusions on one's peace of mind.  Verbal harassment and idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest.  See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim.").  Plaintiff cannot pursue a federal action about state correctional staff's failure or delay in notifying Plaintiff's family about a medical emergency.  See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

On those occasions where Plaintiff alleges the personal involvement by a defendant, none of the factual scenarios presently state a claim actionable via § 1983.  Plaintiff's complaints about Officer Anderson not recognizing that Plaintiff was suffering a heart attack on June 30, 2011, are untimely filed and do not state a claim of deliberate indifference.  See, e.g., Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975); Va. Code § 8.01-243(A).  Plaintiff's complaints about Officer Anderson and Sgt. Profit applying handcuffs too tightly before and during his hospitalization in May 2012 are also untimely filed.[2]  See id.  Plaintiff's complaints about Sgt. Sizemore and Nurses O'Connor and Booth not giving Plaintiff water to drink on June 4, 2012, during his wait to see a doctor are also untimely filed and do not state a colorable claim of deliberate indifference to a serious medical need.  See, e.g., Estelle v. Gamble, 429 U.S. 97, 104 (1976).

---

[2] Alternatively, the court dismisses this claim without prejudice as duplicative and to "foster[] judicial economy and protect[] the parties from vexatious and expensive litigation" because these officers were served with notice of the claim in Plaintiff's other pending civil action, 7:14-cv-00197.  See, e.g., Curtis, 226 F.3d at 138.

Due to comments Plaintiff made to Nurse O'Connor on July 6, 2012, Plaintiff was allegedly "falsely" charged and "erroneously" convicted of the institutional infraction "Vulgar / Insolent Language/Gesture toward an Employee / Non-employee." However, Plaintiff fails to implicate an interest protected by federal law related to the conviction. Plaintiff's accusation that the charge was in retaliation for filing a grievance is not supported by his finding of guilt or the mere temporal proximity of the two events. See, e.g., Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Wagner v. Wheeler, 13 F.3d 86, 91 (4th Cir. 1993).

Plaintiff further complains that Nurse Malingalin would not give Plaintiff medicine or treatment for his headache caused by a nitroglycerin pill. Plaintiff admits that Nurse Malingalin informed Plaintiff that he would have to see the doctor for medication management or further treatment of his headache and that he did not want to pay a copay for a headache. Consequently, he does not describe Nurse Malingalin's deliberate indifference to a serious medical need.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

Entered: July 17, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge